Willie Whetstone, Jr., v. The State.

No. 3928. Decided February 2, 1916.

Rehearing overruled February 23, 1916.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained a conviction, there was no reversible error.

**2.—Same—Newly Discovered Evidence—Motion for New Trial—Practice on Appeal.**

Where the statement of facts with reference to newly discovered evidence heard on motion for new trial was not filed during term time, but subsequent to the adjournment of the trial court, the same can not be considered on appeal.

**3.—Same—Facts Stated in Opinion—Practice on Appeal.**

Where the facts stated in the opinion were perhaps a little broadly stated, yet there was no reversible error on that ground.

**4.—Same—Accomplice—Corroboration—Sufficiency of the Evidence.**

Where the State's case was made by two accomplices in the commission of burglary, whose testimony was sufficiently corroborated, there was no reversible error.

Appeal from the District Court of Cass. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Figures & Stewart,* for appellant.—On question of the insufficiency of the evidence: Short v. State, 61 S. W. Rep., 305; Chambers v. State, 44 S. W. Rep., 495; Barber v. State, 70 S. W. Rep., 210.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of filing statement of facts heard on motion for new trial: Black v. State, 41 Texas Crim. Rep., 185; Mikel v. State, 43 id., 615; Reinhard v. State, 52 id., 59; Jarrett v. State, 55 id., 550; Williams v. State, 56 id., 225; Probest v. State, 60 id., 608; Patterson v. State, 63 Texas Crim. Rep., 297, 140 S. W. Rep., 1128.

DAVIDSON, Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The State's case is made by the evidence of two accomplices. The evidence is to the effect that the three went into the burglarized house at night and committed the theft of some property, notes and mill checks and some other matters. That in order to do this they had to break a safe. The safe would not lock but it could be bolted, and was bolted on this particular night. Defendant was familiar with the situation of the safe, having worked in the store a short time prior to the burglary. It is unnecessary to go into a detailed statement. Briefly, the evidence shows that the defendant with Nat Benjamin and John

Williams entered the store and took the things; some of them were buried near a field belonging to Mr. Snipes, where they were subsequently found. Appellant brought some of the property back to the owner of the house and delivered them to him, stating during the conversation that he had found them out in the woods near where he was working. That subsequently he found some more of the property and returned it. Mr. Morris paid him something for this. There are quite a lot of circumstances that tend to corroborate the testimony of the accomplices and connect appellant with the transaction.

The contention of appellant is that the evidence is not sufficient. We are of opinion that it is. The accomplices or associates in the burglary make a plain case, and the circumstances and incidents connected with the whole matter, we think, sufficient to show that appellant was connected with it.

The remaining proposition for reversal is based upon newly discovered evidence. There was a statement of facts, with reference to this phase of the case, filed after adjournment of the court, the court having adjourned early in October, and the statement of facts with reference to the motion for new trial was not filed until early in January, subsequent to the adjournment of court. Under the decisions of this State this statement of facts can not be considered. There are quite a number of opinions so holding, and the reasons are fully given in those various opinions. It is unnecessary to go into any further discussion of that question.

The judgment will be affirmed.

*Affirmed.*

DAVIDSON, JUDGE, not present at consultation.

## ON REHEARING.

### February 23, 1916.

DAVIDSON, JUDGE.—This case is before us on motion for rehearing. Preliminary to the motion, it is contended by appellant's counsel that the opinion states, and the writer is responsible for the statement, that the court was in error in stating that appellant had worked for the alleged owner of the burglarized house. Critically speaking, perhaps that statement went a little broad. I might collate facts and circumstances which I think would justify the statement, but giving the benefit to the defendant, the writer will state, so that the appellant may not be injured by any such statement, that that statement perhaps was a little strongly put.

The main contention, and the only serious contention in the case is, whether or not the State's witnesses were sufficiently corroborated. They were accomplices, admittedly so. Counsel states the proposition a little strong in contending there must be evidence independent of the accomplices which connects appellant with the burglary. That is stating the law a little stronger than the statute, which requires that the corroboration will only tend to connect the defendant with the commission of

the offense, where accomplice testimony is used by the State. We have reviewed this testimony again and are still of opinion that it is sufficient to tend to connect the defendant with the commission of the offense. The accomplices make a case. The evidence shows that the two accomplices and defendant were together on the night of the burglary prior to it; and also that they were at a party or social function and left that party. The accomplices testified they were at the party together, and that they discussed the matter of burglarizing the house and entering the store of the alleged owner, and that appellant was active in the conspiracy, and went with them, and the three broke into the house, committed the burglary, got quite a lot of papers, not much money, and went away. Some of the evidence suggests that appellant hid the stolen papers. Later there was a reward offered by the owner for the recovery of these papers. Appellant brought in some of them. There were others missing and a heavier reward was offered for their recovery. The last mentioned papers seem to have been notes of some importance and valuable. Those first brought in by appellant seem to have been time checks or mill checks or something of that kind, amounting to a sum less than twenty dollars, but the others were larger in amount and value. Later appellant brought all these in. He said he was working on Mr. Snipes' place, and that he had occasion to attend to a call of nature and went across the fence in the edge of the woods and unearthed the first batch of papers and carried them in and delivered them, and later he went back and unearthed the others and took those in. During the conversation between himself and the owner of the house there was something said about a sack in which these papers were placed. Appellant brought in a sack but it proved not to be the one. At the time he brought it he asked the owner if this was the sack. The owner told him no, and he went off and returned with another sack and said, "this is the sack." It was the sack stolen from the house. There were other facts and circumstances detailed, including the fact that the land on which the property was found was in appellant's possession. At least, it was found on land adjoining that controlled by appellant, if not directly on that in his possession. These facts were along this same line developing fully these occurrences and statements, but we deem it unnecessary to go into details, but are of opinion that this was sufficient to tend to connect the defendant with the burglary.

The motion for rehearing is overruled.

*Overruled.*